EDWARD K. ROYAL, PETITIONER v. DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, RESPONDENT

No. COA05-334

(Filed 20 December 2005)

**Administrative Law— contested case—administrative law judge's decision not adopted—de novo review—findings and conclusions**

A contested case involving dismissal of a Highway Patrol Trooper for unacceptable personal conduct was remanded where the State Personnel Commission did not adopt the administrative law judge's decision, the trial court applied the whole record test rather than de novo review, and the court did not make findings or conclusions. N.C.G.S. § 150B-51(c).

ROYAL v. DEPARTMENT OF CRIME CONTROL & PUB. SAFETY

[175 N.C. App. 242 (2005)]

Appeal by Respondent from judgment entered 4 November 2004 by Judge Narley L. Cashwell in Superior Court, Wake County. Heard in the Court of Appeals 15 November 2005.

*Roy Cooper, Attorney General, by Stacey T. Carter, Assistant Attorney General, Christopher Browning, Solicitor General and Hal Haskins, Special Deputy Attorney General, for the State.*

*The Edmisten & Webb Law Firm, by William Woodward Webb, for petitioner-appellee.*

WYNN, Judge.

Under North Carolina General Statute section 150B-51(c), where an "agency does not adopt the administrative law judge's decision, the court shall review the official record, de novo, and shall make findings of fact and conclusions of law." N.C. Gen. Stat. § 150B-51(c) (2004). Here, the trial court erroneously applied the "whole record test" and made no findings of fact or conclusions of law in a contested case where the State Personnel Commission did not adopt the decision of the administrative law judge. Accordingly, we remand this case to the trial court to review the record *de novo* and to make findings of fact and conclusions of law in accordance with North Carolina General Statute section 150B-51(c).

The dispositive issue on appeal arises from an Internal Affairs investigation on the conduct of Petitioner—a State Highway Patrol Officer. Following that investigation, Petitioner's superiors recommended his dismissal from the State Highway Patrol for conduct unbecoming of an officer. The Secretary of the Department of Crime Control and Public Safety affirmed the decision to dismiss Petitioner from the State Highway Patrol on 19 September 2002.

Petitioner contested that decision before an administrative law judge who issued a decision on 25 June 2003 affirming the decision to discipline Petitioner for unacceptable personal conduct. However, in light of the treatment of other officers for similar off duty criminal conduct, and to insure "consistency, uniformity, and fairness in disciplining State Highway Patrol Troopers", the administrative law judge concluded that Petitioner should be reinstated, but demoted or suspended in an appropriate manner, with back pay and attorney's fees.

Thereafter, the matter came before the State Personnel Commission on 16 October 2003 for final agency decision. Although the Commission adopted the administrative law judge's recommended

findings of fact and conclusions of law, the Commission rejected the administrative law judge's recommendation that Petitioner should be reinstated; instead, the Commission upheld Petitioner's dismissal from the State Highway Patrol.

Petitioner filed a Petition for Judicial Review of the State Personnel Commission's Decision and Order in Superior Court, Wake County. On 4 November 2004, the trial court reversed the State Personnel Commission's Decision and Order and reinstated Petitioner to the State Highway Patrol with full back pay, front pay and attorney's fees. The trial judge concluded that the State Personnel Commission's Decision and Order was arbitrary and capricious because it adopted the administrative law judge's findings of fact and conclusions of law, but rejected the administrative law judge's recommendation for Petitioner's reinstatement. The trial court reasoned that "[t]he State Personnel Commission was not at liberty to arrive at a Decision/Order contrary to that of the Administrative Law Judge unless it adopted different Conclusions of Law . . . which it did not do . . . hence, its Decision/Order was arbitrary and capricious under N.C.G.S. § 150B-51(b)." Respondent appeals to this Court.

---

Subsection 150B-51(c) of the North Carolina General Statutes governs a trial court's review of a contested case commenced on or after 1 January 2001 where the administrative agency did not adopt the administrative law judge's decision. *See* 2000 N.C. Sess. Laws 190. Subsection 150B-51(c) provides, in pertinent part:

> In reviewing a final decision in a contested case in which an administrative law judge made a decision . . . and the agency does not adopt the administrative law judge's decision, the court <u>shall review the official record, *de novo*, and shall make findings of fact and conclusions of law</u>. In reviewing the case, the court shall not give deference to any prior decision made in the case and shall not be bound by the findings of fact or the conclusions of law contained in the agency's final decision.

N.C. Gen. Stat. § 150B-51(c) (emphasis added).

Here, the State Personnel Commission rejected the administrative law judge's recommendation to reinstate Petitioner, and affirmed the decision to terminate Petitioner from his employment as a Highway Patrol Trooper. Petitioner filed a Petition for Judicial Review of the State Personnel Commission's Final Order and

Decision in Superior Court, Wake County. Because this was a contested case in which the State Personnel Commission, an administrative agency, rejected the administrative law judge's decision, and this matter commenced after 1 January 2001, the mandates of North Carolina General Statute subsection 150B-51(c) apply to the trial court's review of this case.

However, the trial court's order states that it "applied the 'whole record test' for judicial review of the November 12, 2003 Decision/Order of the State Personnel Commission . . . pursuant to N.C.G.S. § 150B-51(b) and applicable case law authority[.]" Furthermore, the trial court did not make any findings of fact or conclusions of law in its judgment and order. Because the trial court failed to review the case *de novo* and did not make any findings of fact or conclusions of law in accordance with section 150B-51(c), we remand this case to the trial court for a *de novo* review of the record and to make findings of fact and conclusions of law consistent with this opinion.

Remanded.

Judges STEELMAN and JOHN concur.